■ In the Matter of the Claim of GIOVANNI CAPORRINO, Respondent, against WAGS TRANSPORTATION SYSTEM, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board predicated upon findings that the condition of synovitis of the right knee from which claimant suffered was caused by his employment as a taxicab driver and constituted an occupational disease. From conflicting medical proof the board accepted certain portions of the attending surgeon's testimony in which he opined that the synovitis was caused by the repeated pressure exerted in frequent applications of the brake of a taxicab starting and stopping in traffic and by twisting the knee on getting in and out of the cab on many occasions daily. It is argued in the board's brief that there thus appears " a recognizable link between the disease and some distinctive feature of the claimant's job." (*Matter of Detenbeck* v. *General Motors Corp.*, 309 N. Y. 558, 562.) It is further argued that, since synovitis may, under the statute, be an occupational disease and in this case was incurred while claimant was employed in a process involving continuous pressure (Workmen's Compensation Law, § 3, subd. 2, par. 26), the presumption of occupational disease arose. (Workmen's Compensation Law, § 47.) In at least two respects, however, the attending surgeon's testimony seems to us insufficient. First, it is not clear whether an essential basis of his conclusion was his finding of pre-existing condition of weak feet, insofar as that may have caused a predisposition to foot strain, in turn inducing knee strain and synovitis of the knee, upon prolonged driving. If the disease was one which would not occur except to persons suffering from such a predisposition, compensation would have to be denied under the rule stated in the *Detenbeck* case (*supra*). Second, the doctor having made a post-operative report of a tuberculous synovitis of the knee, was asked whether he believed a synovitis due to the work " became thereafter secondarily infected with the

tubercle bacillus" and replied, "That's the thing that would come to mind." Later when the referee repeated the question, he said he could not answer it. On cross-examination, he said that the synovitis could have been the result of the presence of tubercle bacilli in the knee. Although the board argues here that the "knee condition *began* with a condition of synovitis which subsequently became complicated with a condition of tuberculosis", its finding was that the synovitis aggravated a tubercular condition in the knee. The basis of the decision thus remains in doubt but in any event, and upon the record as a whole, the award is not supported by substantial evidence. It may be that, upon remission, medical proof of greater substance and clarity will be developed. Decision and award reversed and matter remitted to the Workmen's Compensation Board for further proceedings, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.